IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MICHAEL J. ELLIS,
      Petitioner,

vs.                           Case No.:  3:18cv1542/RV/EMT

WARDEN WILLIAM WOOD,
      Respondent.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Petitioner's petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (ECF No. 1).  Respondent filed a response with evidentiary support (ECF No. 12).  Petitioner filed a reply (ECF No. 14).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C).  After careful consideration of the issues presented by the parties, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter. It is further the opinion of the undersigned that the pleadings and attachments before the court show that Petitioner is not entitled to relief.

I.     BACKGROUND

On February 22, 2013, local authorities in DeKalb County, Georgia arrested Petitioner for possession of methamphetamine, fleeing or attempting to elude a

police officer, and two traffic infractions (speeding and failure to maintain lane) (*see* ECF No. 12, Declaration of Bryan Erickson ¶ 3). Petitioner was charged for those offenses in the Superior Court of DeKalb County, Case No. 13-CR-2498-7 (*see id.* ¶¶ 3–4). After Petitioner's arrest, a search of his vehicle and garage resulted in the discovery of multiple items involving ATM skimmers and items used for credit card fraud (*id.* ¶ 3). On July 18, 2013, the state court sentenced Petitioner to a term of five (5) years in prison, with four (4) years of that term probated (*id.* ¶ 4). The state court granted Petitioner credit on his sentence from the date of his arrest, February 22, 2013, to the date of his sentencing, July 18, 2013 (*id.*).

On November 19, 2013, Petitioner was indicted in the United States District Court for the Northern District of Georgia, Case No. 1:13-CR-459, on twenty-seven (27) counts, including conspiracy to commit access device fraud, access device fraud, and aggravated identity theft (*see* Erickson Decl. ¶ 5). *See* United States v. Ellis, Case No. 1:13-CR-459-ODE-AJB-2, Indictment, ECF No. 1 (N.D. Ga. Nov. 19, 2013). On November 19, 2013, the federal court issued a warrant for Petitioner's arrest, which federal officials (i.e., the United States Secret Service) lodged as a detainer against Petitioner with local officials in DeKalb County, Georgia (*see* Erickson Decl. ¶ 6). *See* United States v. Ellis, Case No. 1:13-CR-459-ODE-AJB-2, Praecipe filed, ECF No. 6 (N.D. Ga. Nov. 19, 2013).

On February 19, 2014, Petitioner completed the one-year imprisonment portion of his Georgia state sentence, and the Secret Service executed the federal warrant and took Petitioner into exclusive federal custody (*see* Erickson Decl. ¶ 7). *See* United States v. Ellis, Case No. 1:13-CR-459-ODE-AJB-2, Arrest Warrant Returned Executed on 02/19/14, ECF No. 46 (N.D. Ga. Feb. 20, 2014). Also on February 19, 2014, the federal district court issued an Order of Detention Pending Trial, committing Petitioner to the custody of the United States Attorney General or a designated representative. *See id.*, Order of Detention Pending Trial, ECF No. 45 (N.D. Ga. Feb. 19, 2014).

On November 19, 2014, the federal district court sentenced Petitioner, pursuant to a guilty plea, to sixty (60) months of imprisonment on Count One (conspiracy to commit access device fraud), seventy-seven (77) months of imprisonment on Count Four (access device fraud) (to run concurrently with the sentence on Count 1), and twenty-four (24) months of imprisonment on Count Five (aggravated identity theft) (to run consecutively to the sentences on Counts 1 and 4), for a total term of imprisonment of 101 months (*see* Erickson Decl. ¶ 8). *See* United States v. Ellis, Case No. 1:13-CR-459-ODE-AJB-2, Judgment and Commitment, ECF No. 80 (N.D. Ga. Nov. 24, 2014).

The federal Bureau of Prisons ("BOP") calculated Petitioner's 101-month federal sentence as commencing on November 19, 2014, the date it was imposed

(Erickson Decl. ¶ 11). The BOP applied 272 days of prior custody credit to Petitioner's sentence for the period February 20, 2014 (the day following Petitioner's completion of his state of imprisonment) through November 18, 2014 (the day before Petitioner's federal sentence was imposed) (*id.*). The BOP did not apply any prior custody credit for the period February 22, 2013 through February 19, 2014, because records from Superior Court in Dekalb County, Georgia, as well as the Dekalb County jail, verified that Petitioner received credit on his Georgia state sentence for that time (*id.* ¶ 10).

In Petitioner's instant habeas petition, he contends he is entitled to prior custody credit on his federal sentence for the period February 22, 2013 through and including February 19, 2014 (ECF No. 1 at 3; ECF No. 14 at 1).

Respondent contends Petitioner received credit on his state sentence for the period February 22, 2013 through February 19, 2014; therefore, Petitioner is not entitled to credit on his federal sentence for that period, pursuant to 18 U.S.C. § 3585(b) (*see* ECF No. 12 at 5–9).

In Petitioner's reply, he contends Respondent has not offered any documentation to support Correctional Programs Specialist Erickson's "opinion" that Petitioner received credit on his state sentence for the period February 22, 2013 through February 19, 2014 (*see* ECF No. 14 at 1–2).

## II.    ANALYSIS

Once a petitioner has exhausted his administrative remedies within the BOP, the district court may review the constitutionality of the BOP's decisions and its statutory construction.  *See* <u>Rodriguez v. Lamer</u>, 60 F.3d 745, 747 (11th Cir. 1995). The court's analysis, however, is deferential: if the language of the applicable statutory provision clearly outlines its congressional purpose, an interpreting court and administrative agency "'must give effect to the unambiguously expressed intent of Congress.'"  *Id.* (citing <u>Chevron USA Inc. v. Natural Res. Def. Council, Inc.</u>, 467 U.S. 837, 842–44, 104 S. Ct. 2778, 81 L. Ed. 2d 694 (1984)).  If the statute is silent or ambiguous, however, a reviewing court must defer to an agency's reasonable interpretation unless it is "'arbitrary, capricious, or manifestly contrary to the statute.'"  *Id.*

Section 3585 of Title 18 provides:

**(a)    Commencement of sentence.**—A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

**(b)    Credit for prior custody.**—A defendant shall be given credit toward the service of a term of imprisonment for any time [s]he has spent in official detention prior to the date the sentence commences—

**(1)** as a result of the offense for which the sentence was imposed; or

Page 6 of 8

> **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> <u>that has not been credited against another sentence</u>.

18 U.S.C. § 3585 (emphasis added).  The BOP determines whether the defendant should receive credit for time spent in custody before the sentence "commenced," as defined in § 3585.  *See* <u>United States v. Wilson</u>, 503 U.S. 329, 334–35 (1992) (BOP determines credit issues, not the district courts).  In fact, federal courts do not have the authority under § 3585 to order the BOP to credit a prisoner with state time served.  *See* <u>United States v. Pineyro</u>, 112 F.3d 43, 45 (2d Cir. 1997).

Here, the BOP reasonably interpreted and applied § 3585(a) in determining that Petitioner's federal sentence commenced on November 19, 2014, the date it was imposed.  Additionally, the BOP reasonably applied § 3585(b) in determining that Petitioner was not entitled to credit on his federal sentence for the period February 22, 2013 to February 19, 2014, because he received credit on his Georgia state sentence for that period.[1]  Because Petitioner received credit on his state sentence for the period in question, the BOP did not have discretion under § 3585 to grant

---

[1] Although Petitioner contends Respondent has not sufficiently established that Petitioner in fact received credit on his Georgia state sentence for this time period, the argument is not persuasive.  Respondent submitted supporting evidentiary materials, specifically, the affidavit of Correctional Programs Specialist Erickson, who reviewed both computerized and "hard" files related to Petitioner's sentence computation, and declares, under penalty of perjury, that records received from the DeKalb County Jail and the Superior Court for DeKalb County verify that Petitioner' state sentence was credited for the period February 22, 2013 through February 19, 2014 (*see* Erickson Decl. ¶¶ 1–2, 10).

credit on Petitioner's federal sentence for that period.  Indeed, § 3585(b) expressly prohibits the BOP from granting credit for that period.  *See, e.g.*, Dupree v. Warden, FCI Miami, 606 F. App'x 559, 560 (11th Cir. 2015) (unpublished but recognized as persuasive authority) (affirming district court's ruling that petitioner was not entitled to credit toward his federal sentence for the time he had served in state custody because he had already received credit toward his state sentence); Scruggs v. Adkinson, 423 F. App'x 858, 816 (11th Cir. 2011) (unpublished) (same); Rey v. Warden, FCC Coleman-Low, 359 F. App'x 88, 90 (11th Cir. 2009) (unpublished) (same); Castillo v. Fed. Corr. Inst. of Tallahassee, 163 F. App'x 803, 804 (11th Cir. 2006) (unpublished) (same).  Therefore, Petitioner failed to demonstrate he is entitled to federal habeas relief.

III.    CONCLUSION

The BOP effectuated the unambiguous language of the relevant federal statute, and the agency reasonably interpreted any ambiguous language in a manner that was not arbitrary, capricious, manifestly contrary to the statutes, or an unreasonable application thereof.  Therefore, the BOP's calculation of Petitioner's federal sentence is entitled to deference under Chevron, 467 U.S. at 837.

Accordingly it is respectfully **RECOMMENDED**:

That the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (ECF No. 1) be **DENIED**.

At Pensacola, Florida this 9<u>th</u> day of April 2019.


/s/ Elizabeth M. Timothy
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


## <u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.